THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VINCENT SPARKS, Defendant-Appellant.

Fourth District   No. 4—90—0821

Opinion filed March 29, 1991.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, and Robert W. Mueller, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In June 1990, defendant, Vincent Sparks, was charged with aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(1) (commission of a battery with the use of a deadly weapon other than a firearm discharge)) based on an allegation that he committed a battery upon Richard Hartman by using a knife to stab Hartman in the abdomen. Defendant was convicted at a September 1990 jury trial and sentenced to 24 months' probation with the condition that he serve 90 days in the Macon County jail.

On appeal, defendant argues that the trial court erred by refusing to give his instruction on the lesser included offense of battery. We disagree and affirm his conviction.

Briefly summarized, the evidence at trial showed that a fight occurred in a tavern parking lot between defendant and Hartman. Before the fight, Hartman and his friend, Randy Spears, were drinking in the tavern. When they left the tavern and walked to Spears' car in the parking lot, they came upon defendant, another man, and a woman, who were standing by Spears' car. At that point, a fight broke out between Spears and the other man. Hartman and defendant had a few words but agreed that they would stay out of the fight. After a few minutes, when Spears was getting the better of the fight, defendant got a jack handle or pipe from a car and hit Hartman in the head, knocking him down. Hartman got back up and yelled at defendant, who then grabbed Hartman by the throat and threw him on Spears' car. Hartman testified that, "the next thing I know, I am bleeding." As soon as defendant let go of Hartman's throat, Hartman put his hand down to the area of his stomach and noticed then that he was bleeding. When defendant threw him on the hood of the car, no one else was in the immediate vicinity.

Hartman testified that he said to Spears, "Let's go, take me to the hospital," and defendant asked, "You guys had enough?" Hart-

man said yes, and Spears drove him to a Decatur hospital. As a result of his injury, Hartman required surgery and was hospitalized for seven days.

On cross-examination, Hartman described the area where the incident occurred as a gravel parking lot. He testified that, to his knowledge, there were no sharp rocks or broken glass in the parking lot, but he admitted he did not know for sure.

Hartman testified that he never saw a knife or any other weapon in defendant's hand and he did not feel when the injury occurred. Hartman insisted, however, that he was not bleeding until he was thrown on top of Spears' car. He also insisted that he was stabbed while on Spears' car.

Another witness testified that she was in the tavern on the night in question and, a few hours before the incident in the parking lot, saw defendant with a pocketknife that had a blade approximately three to four inches long.

Spears testified and substantially corroborated Hartman's version of the incident. Spears did not see any blood until Hartman got in the car and told Spears, "You had better take me to the hospital. I think he stabbed me."

A photograph of the shirt Hartman was wearing on the night in question was admitted into evidence and showed a large bloodstain in the lower area of the shirt, just to the left of the center. Also shown in that photograph was an approximately 2½-inch cut in the shirt.

The last evidence introduced was a stipulation that the doctor who treated Hartman on the date in question would testify that Hartman had a wound to his abdomen which was consistent with having been inflicted by a sharp object. Defendant chose not to testify and offered no evidence.

At the conference on jury instructions, defendant asked that the jury be instructed on the lesser included offense of battery, arguing that there was a jury question as to whether a knife was used to inflict the injuries upon Hartman. The State objected and argued that there was no evidence in the case that anything other than a knife could have caused Hartman's injury. Both at the trial level and on appeal, defendant argues that something in the parking lot, such as broken glass or sharp rocks, could have caused Hartman's injury when Hartman was pushed down. Accordingly, defendant argues that the trial court erred in refusing to give the jury an instruction on the lesser included offense of battery. We disagree.

■ There is no dispute on the law governing when a jury should be instructed on a lesser included offense. As this court wrote in *Peo-*

*ple v. Williams* (1989), 191 Ill. App. 3d 269, 274, 547 N.E.2d 608, 612, "A defendant's instruction on the lesser offense is appropriate when the evidence would permit a jury rationally to find him guilty of the less serious offense and not guilty of the more serious offense." In *People v. Mitchell* (1985), 136 Ill. App. 3d 205, 208, 482 N.E.2d 1046, 1048, this court also wrote the following: "A trial court may properly refuse a defendant's proposed jury instruction when there is no evidence supporting the proffered instruction."

■ Essentially, defendant's argument is that he was entitled to have the jury instructed on the lesser included offense of battery because the State did not preclude all possible causes of Hartman's injury other than his being stabbed with a knife. However, this argument is not in comportment with *Williams* and *Mitchell*. Here, the record contains *no evidence* to show that the parking lot, in fact, contained any sharp rocks or broken glass which might have been the cause of Hartman's injuries. The *sole testimony* on this point was that while Hartman did not recall seeing any sharp rocks or broken glass present, he could not say for sure. Further, Hartman was unequivocal that the injury to his abdomen occurred when defendant had him pinned to the car. We agree with the State's argument that defendant is trying to establish by speculation what he could not establish by evidence. We emphasize that the claimed "failure" of the State to rebut all possible or imagined causes of Hartman's injury is not the same as evidence which establishes (or at least suggests) that some other object may have been the cause.

We conclude that the trial court's refusal of defendant's proposed instruction on battery was entirely appropriate. See *People v. Partee* (1987), 157 Ill. App. 3d 231, 265, 511 N.E.2d 1165, 1187-88.

On appeal, defendant also argues that he was not given credit on his 90-day jail sentence for 6 days previously served. The State concedes that the defendant is entitled to this credit, and we agree.

For the reasons stated, the defendant's conviction is affirmed, and the cause is remanded for the entry of a modified sentencing order giving defendant credit on his 90-day jail sentence for 6 days previously served.

Affirmed and remanded with directions.

GREEN and McCULLOUGH, JJ., concur.